Ethan J. Brown (SBN 218814)
 ethan@bnsklaw.com
Jill R. Glennon (SBN 204506)
 jill@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Boulevard, Suite 1670
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:   (310) 593-9980

*Attorneys for Plaintiff*
LUMA PICTURES INC.

UNTIED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| LUMA PICTURES INC., a California corporation,<br><br>  Plaintiff,<br><br>   v.<br><br>JONATHAN BETUEL, an Individual,<br><br>  Defendant. | CASE NO. 2:16-cv-2625<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMPLAINT FOR DECLARATORY RELIEF**

## INTRODUCTION

1.     This case arises out of a dispute regarding the ownership of scripts and other literary works that were written by defendant Jonathan Betuel ("Betuel") in the course of his employment at plaintiff Luma Pictures Inc. ("Luma"). Luma contends that it is the owner of the scripts under the "works made for hire" provisions of The Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("The Copyright Act") because Betuel wrote the scripts on company time and used Luma's offices and other Luma resources to promote them. Luma is an artist run studio that is best known for providing visual effects for motion pictures and other media. Betuel's creation of the scripts was incidental to Luma's business, which has evolved over time to include all aspects of motion picture production including visual effects, animation, origination of content (including developing storylines and scripts), distribution, sound design, music production and the development of new technology. Betuel disputes Luma's claim of ownership, alleging he is the sole owner of the scripts.

2.     Betuel is a writer, producer and director of television and motion picture films, including *the Last Starfighter*, which in 1984 was one of the first movies to utilize computer generated imagery ("CGI").  In 2002, Betuel teamed up with Payam Shohadai ("Shohadai") (an entrepreneur in the visual effects industry) to co-found Luma. Shohadai contributed his visual effects experience, a team of artists and the necessary capital to start up the company. Betuel contributed his industry connections and his experience creating motion pictures. When he co-founded the company with Betuel, Shohadai hoped their combined skills and varied interests would propel Luma to the forefront of the industry.

3.     Shohadai received a majority of Luma's shares in exchange for his contributions to start up the company. He is currently employed as Luma's Chief Executive Officer and executive supervisor. With Shohadai at the helm, Luma has made a name for itself as a world-class creative studio with a broad platform

**COMPLAINT FOR DECLARATORY RELIEF**

1

spanning visual effects, animation, origination of content and the development of new technology.

4. For his part in forming the company, Betuel received a minority stake and a salaried job that increased his profile in the motion picture industry. There was no written employment agreement or job description that set forth his duties. As a co-founder, Betuel was granted considerable leeway to define his own role at Luma, which included – but was not limited to – using his experience creating films to enhance Luma's collaboration with its clients.

5. For more than a decade, Betuel served as an officer and director of the company. He drew an annual salary of $120,000 and worked full time in Luma's Santa Monica offices. In the beginning, Luma's business primarily entailed the creation of visual effects for clients that had motion pictures already in production, but this changed with time. As co-founders, co-owners, officers and directors of the company, Shohadai and Betuel each explored ways that Luma could grow its business by expanding its platform into new areas. The origination of content was a goal of Luma's from the outset and especially after 2004. Betuel was a strong proponent of this objective. On information and belief, Betuel spent a substantial amount of his time at Luma working to develop original content worthy of production. He used Luma's offices and other resources to write scripts and meet with various industry players to promote them. Although Betuel's efforts did not relate to Luma's primary and most successful line of business (visual effects), Luma understood Betuel's work on the scripts was part of an effort to develop new business that would benefit Luma. Betuel and Shohadai even discussed how Luma's in-house artists could create the visual effects fir Betuel's scripts when placed into production.

6. Eventually, Luma grew dissatisfied with the proportion of time Betuel spent on the scripts he wrote vis-à-vis work on Luma's other projects and businesses. Luma terminated Betuel's employment in August, 2015 and advised Betuel of his

**COMPLAINT FOR DECLARATORY RELIEF**

2

obligation to return all of Luma's property including, but not limited to, the scripts he wrote while employed by the company.

7. Betuel refused to supply Luma with copies of the scripts and other literary works he wrote during his employment and disputes Luma's claim that the company owns the scripts.

8. Now, Luma brings this Complaint seeking a declaration that Luma is the owner of the scripts and other works at issue.

## PARTIES

9. Luma is a California corporation with a principal place of business in Santa Monica, California.

10. Jonathan Betuel is an individual residing in Los Angeles, California.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case requires interpretation of "work for hire" provisions in The Copyright Act.

12. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and this Court has personal jurisdiction of Defendant Betuel.

13. Declaratory relief is proper under 28 U.S.C § 2201 because an actual controversy exists between the parties with respect to the ownership of literary works written by Betuel, during the time period that he was employed by Luma. The Court should and must exercise its discretion here because Luma has no other means to obtain a resolution of this controversy.

## GENERAL ALLEGATIONS

### Luma's Founding And Growth

14. Payam Shohadai is an entrepreneur in the visual effects industry.

15. Shohadai had the technical, managerial and artistic skills to run a visual effects company, but he knew there was room to grow and enhance his business. To help realize his vision, Shohadai looked for a partner with established contacts

in Hollywood and experience making visual effects films.

16. Jonathan Betuel is a writer, director and producer best known for writing the cult classic, *The Last Starfighter* (1984). Betuel's other credits include writing and producing *Theodore Rex* (1995), *Freddy's Nightmares* (TV Series 1988-89) and *CBS Summer Playhouse* (TV Series 1988). Betuel also wrote and directed *My Science Project* (1985).

17. In 2002, Shohadai and Betuel reached an agreement to form Luma. Their collaboration married Shohadai's creative, technical and managerial skills with Betuel's experience in the motion picture industry. Shohadai contributed his book of business, team of top-notch artists and necessary capital to start up the company. In exchange, he received a majority of Luma's shares. Betuel brought his experience creating movies and his book of industry contacts to Luma. In exchange, he received a minority interest in the company and a high-profile job serving the motion picture industry.

18. As co-founders and co-owners of Luma, Shohadai and Betuel had the freedom to define their roles at the company. Shohadai assumed the role of Chief Executive Officer and executive supervisor, leading the creative and technical teams that form the backbone of Luma's artist-run studio. There was no formal job description that defined the scope and nature of Betuel's employment. However, Shohadai and Betuel agreed that part of Betuel's job would involve the use of Betuel's experience (including as a writer) to help Luma collaborate with its clients, by identifying their needs, and providing solutions in order to produce artistically exceptional work on time and within budget.

19. Shohadai and Betuel also discussed ways that Luma could grow its business platform. Betuel was a proponent of Luma's expansion into content development, which would include writing original scripts. Shohadai expressed his support for creation of original content, and the origination of content became a long-term goal for Luma. On information and belief, in furtherance of this objective, Betuel

devoted substantial time and energy at Luma working to create original content worthy of production.

20. On information and belief, the scripts and other works that Betuel wrote while employed by Luma include, but are not limited to, the following titles: Special Forces Olympics; Gizmo: The Do It Yourself Dog; The Last Starfighter (various follow ups and sequels); Cheech & Chong, High Finance; Whale Song; The Aladdin Curse; Shark Tide; War Toys; Dinosaur Wars and Scrabble (collectively "The Scripts").

21. While Betuel focused on writing and promoting The Scripts, Shohadai followed a holistic approach to expand Luma's business in order to create a platform spanning all aspects of motion picture production. Today, Luma has four primary divisions: "Luma Pictures" (creating visual effects), "Luma Toons" (producing animated content), "Luma Labs" (investing in new technology) and "Luma Made" (creating original content). Luma Made combines the strengths of Luma's artists, designers, strategists and writers to create original works, with the capability to produce and distribute motion pictures and other media.

**Betuel Wrote The Scripts At Issue In The Course Of His Employment**

22. Betuel was a non-exempt employee of Luma, receiving an annual salary of approximately $120,000 and employee benefits including, but not limited to, health insurance, vacation benefits and sick leave. He received a W2.

23. Betuel's office was located at Luma's principal place of business (currently in Santa Monica) where he worked as a full time employee. On information and belief, Betuel spent a substantial amount of time during regular business hours writing The Scripts on his computer. Betuel used his Luma email address to communicate with industry players regarding The Scripts and held frequent meetings at Luma's offices as part of his efforts to promote them. On information and belief, Betuel also used his $6,000 expense account to recover costs he incurred working on and promoting The Scripts.

**COMPLAINT FOR DECLARATORY RELIEF**

24. As a co-founder and employee of Luma, Betuel was aware of Luma's written policies prohibiting the use of Luma's resources for personal gain and restricting employees from holding jobs outside Luma without written consent. Luma's Employee Handbook expressly states, "Outside employment that constitutes a conflict of interest is prohibited. Employees may not receive income or material gain from individuals outside Luma Pictures Inc. for materials produced or services rendered while performing their jobs."

25. Betuel never entered into a written agreement with Luma that permitted him to hold an outside job or otherwise use Luma's resources to create The Scripts for his own personal gain. Luma understood that the work Betuel performed on The Scripts (during business hours and using company resources) was incidental to his duties as an officer and employee Luma. There is no agreement between Luma and Betuel – written or oral – which provides that Betuel is the owner of The Scripts or any other works written by Betuel in the course of his employment.

### A Dispute Has Arisen Regarding Ownership Of The Scripts Written By Betuel.

26. Betuel spent a disproportionate amount of his time at Luma writing and promoting The Scripts to the detriment of Luma's other projects. In August 2015, Luma made the decision to terminate Betuel's employment, advising Betuel of his continuing duties under his Non-Disclosure Agreement with Luma and demanding the return of all Luma's property, including The Scripts.

27. Through his attorney, Betuel denied that Luma owns the Scripts. Betuel disagrees that The Scripts were created in the course of his employment, arguing that Luma never showed any interest in The Scripts or Betuel's suggestion to expand into content origination. On these grounds, Betuel asserts he is the owner of The Scripts because they are not "works made for hire" under The Copyright Act.

**COMPLAINT FOR DECLARATORY RELIEF**

6

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

28. Luma re-alleges the allegations contained in Paragraphs 1 to 27 as if set forth in full herein.

29. An actual, substantial and continuing controversy exists between Luma and Betuel regarding the ownership of The Scripts.

30. Declaratory relief is necessary and appropriate in order to fully and finally resolve that actual controversy.

31. Luma's business platform has expanded over time from its roots as a visual effects studio to encompass all aspects of motion picture, television, animation and advertisement production, including but not limited to, content origination.

32. Betuel was employed by Luma beginning in 2002 (when he co-founded the company) until August, 2015. During his employment, Betuel used Luma's offices and other resources to write The Scripts and hold meetings for the purpose of promoting them.

33. Writing The Scripts was incidental to Luma's business and the work Betuel was paid to perform as an officer and employee of Luma.

34. Luma is entitled to a declaration that The Scripts are Luma's property because they constitute "works made for hire" under The Copyright Act.

/ / /

/ / /

/ / /


## PRAYER FOR RELIEF

Based upon the foregoing allegations and claims, Luma seeks the following relief:

1. A declaration that The Scripts were written on company time and using company resources;
2. A declaration that Luma is the owner of The Scripts because they are "works made for hire" under The Copyright Act;
3. Costs and to the extent warranted by law, attorneys' fees; and
4. Such other and further relief as the Court deems appropriate.

Dated: April 15, 2016

Respectfully submitted,

**BROWN NERI SMITH & KHAN LLP**

By: /s/ Ethan J. Brown
  Ethan J. Brown

*Attorneys for Plaintiff*
*LUMA PICTURES INC.*

# CERTIFICATE OF SERVICE

I, Ethan J. Brown, hereby declare under penalty of perjury as follows:

    I am a partner at the law firm of Brown, Neri & Smith LLP, with offices at 11766 Wilshire Blvd., Los Angeles, California 90025. On April 15, 2016, I caused the foregoing **COMPLAINT FOR DECLARATORY RELIEF** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

 Executed on April 15, 2016

 /s/ Ethan J. Brown