## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2625-GW(PLAx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | *Luma Pictures, Inc. v. Jonathan Betuel* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     LUMA PICTURES, INC.'S MOTION TO DISMISS OR STRIKE JONATHAN BETUEL'S COUNTERCLAIM FOR DECLARATORY RELIEF [49]

Case is called. Counsel are not present. The Court's Tentative Ruling is attached hereto.

Parties are ordered to appear on December 8, 2016 at 8:30 a.m., and show cause why this matter should not be dismissed for failure to appear and to prosecute, and why sanctions should not be imposed upon Defendant for failure to appear and defend.

Counter-Defendant's motion is continued to December 8, 2016 at 8:30 a.m.

|  | : | 01 |
|---|---|---|
|  | Initials of Preparer | JG |

<u>*Luma Pictures, Inc. v. Betuel*</u>, Case No. 16-CV-2625-GW (PLAx)
Tentative Ruling on Motion to Dismiss or Strike Jonathan Betuel's Counterclaim for Declaratory Relief

Luma Pictures, Inc. ("Luma") moves to dismiss the sole remaining counterclaim in this action, a counterclaim for declaratory relief included in the First Amended Counterclaims and Third Party Claims ("FAC") filed by defendant/counterclaimant Jonathan Betuel ("Betuel") on August 12, 2016.[1] Luma argues that Betuel has not pled the existence of an actual controversy concerning ownership of the "certain artistic expressions" ("Expressions") referenced in his FAC, *see* FAC ¶ 77, nor has he otherwise made clear that the Expressions are in fact the same as the "Scripts" referenced in Luma's own claim for declaratory relief included in Luma's Complaint for Declaratory Relief ("Complaint") such that the Court could infer the existence of an actual controversy regarding those materials as that controversy is outlined in Luma's Complaint. *See, e.g.*, Complaint ¶¶ 1, 5-8, 20-21, 23, 26-27, 29, 34. Alternatively, to the extent the Expressions *are* intended to reference the same works as the Scripts at issue in the Complaint, Luma argues that Betuel's counterclaim is simply the mirror image of Luma's own affirmative claim (and Betuel's affirmative defense(s)), and that the Court should exercise its discretion under 28 U.S.C. § 2201 to simply dismiss or strike the claim.

As an initial matter, Betuel has not responded to Luma's motion. Under this Court's Local Rules, this can be interpreted as Betuel's consent to the Court granting Luma's motion. *See* C.D. Cal. L.R. 7-12.

Notwithstanding Betuel's failure to respond to the motion, it appears to the Court that Betuel's FAC *does* intend to equate the Expressions with the Scripts mentioned in Luma's Complaint. *See* FAC ¶ 78 ("As alleged in its complaint in this action, Luma claims ownership over these Expressions by way of the work for hire doctrine."). With the allegations of paragraph 78 of the FAC in mind, Betuel's reference to his Expressions being "created prior to employment at Luma," *id.* ¶ 79, does not appear to be an attempt to *differentiate* the Expressions from the Scripts, but would seem to instead be an effort to explain Betuel's position – or at least one reason – for why those materials are *not* Luma's under work-made-for-hire principles. Understood in those terms, Luma's argument concerning the absence of an actual controversy is

---

[1] Following earlier motion proceedings, the parties stipulated that Betuel was "withdrawing all counterclaims and third party claims in the FAC without prejudice except for the first counterclaim against Luma for declaratory relief." Docket No. 47, at 1:16-18.

inaccurate, as Luma's own Complaint evidences the existing dispute and actual controversy.

That being said, having not filed any opposition, Betuel has not explained why his declaratory relief claim is not simply the mirror-image of Luma's own claim in its Complaint (and/or of Betuel's affirmative defense(s)). If true, the Court would question what purpose such a claim would serve. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F.Supp.2d 1213, 1226 (C.D. Cal. 2003) ("Copyright misuse has already been asserted by Sharman as an affirmative defense, and the Court will reach all aspects of that issue if necessary. Separately litigating that defense in a declaratory posture would not serve the purposes of declaratory relief…."); *see also Ticketmaster L.L.C. v. RMG Techs., Inc.*, 536 F.Supp.2d 1191, 1199 (C.D. Cal. 2008); *Perez v. Guardian Roofing*, No. 3:15-cv-05623-RJB, 2016 WL 898545, *2-3 (W.D. Wash. Mar. 9, 2016); *Boeing Co. v. Leo A. Daly Co.*, Civ. No. 13-00027 JMS, 2014 WL 3489267, *9 (D. N. Mar. I. July 11, 2014); *cf. United Safeguard Distributors Ass'n, Inc. v. Safeguard Bus. Sys., Inc.*, 145 F.Supp.3d 932, 961 (C.D. Cal. 2015) (dismissing plaintiffs' declaratory relief claim because it was duplicative of *plaintiffs'* breach of contract claim).

On the flip-side of that concern, however, the question presents itself: what harm would the duplicative claim threaten? It should not impact a decision on the question of which party bears the burden of proof. *See* Schwarzer, Tashima, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (2016) § 10:44, at 10-24 ("The burden of proof as to the substantive right involved (e.g., validity of patent, insurance coverage, etc.) rests on whichever party holds the 'coercive claim' – i.e., the 'true' plaintiff."). In that respect, though Luma has directed the Court to decisions (in addition to those cited above) adopting the approach it desires here,[2] the Court questions the utility, or point, of this motion.

In the end, however, because Betuel has not presented any reason why his counterclaim for declaratory relief is not entirely duplicative of – or "redundant" to, using the language of Federal Rule of Civil Procedure 12(f) – Luma's own such claim[3] and/or his affirmative

---

[2] *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, *2-7 (N.D. Cal. May 13, 2008); *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 U.S. Dist. LEXIS 38535, *2 (N.D. Ind. June 9, 2006); *Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 U.S. Dist. LEXIS 46001, *17-22 (N.D. Cal. Jan. 3, 2005).

[3] As an observation, Luma's Complaint appears to define a (relatively, given use of the phrase "include, but are not limited to") closed universe with respect to the "Scripts," whereas Betuel's defined term "Expressions" is uncabined. *Compare* Complaint ¶ 20 *with* FAC ¶ 77. If indeed Betuel (or Luma) has more works in mind than those ones explicitly listed in paragraph 20 of the Complaint, the Court might not be able to confidently say that the FAC's declaratory relief claim is entirely duplicative of or redundant to the Complaint's (or Betuel's affirmative defense(s) in response thereto).

3

defense(s) (or any other reason why Luma's motion should be denied), the Court likely would grant Luma's own motion.