Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Drew H. Sherman, SBN 237045
  drew.sherman@adlilaw.com
A. Tyler Mellos, SBN 294501
  tyler.mellos@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Defendant,
Johnathan Beutel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMA PICTURES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN BETUEL, an individual,<br><br>Defendant. | Case No. 2:16-cv-02625-GW(PLAx)<br><br>Honorable George H. Wu<br><br>**DEFENDANT JONATHAN BETUEL'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**<br><br>PTC Date:     April 17, 2017<br>Time:           8:30 a.m.<br>Courtroom:  9D<br>Action Filed: April 15, 2016 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, Jonathan Betuel, will and hereby does submit the following memorandum of contentions of law fact:

## I. CLAIMS AND DEFENSES

**A. Plaintiff's Claim:**

Defendant was an employee during his time working for Luma Pictures, wherein the scope of his employment with Luma included authoring feature film scripts. Defendant allegedly authored scripts while with Luma, and, as such, Luma seeks a declaration from this Court that it is the owner of such scripts by virtue of the work for hire statute provision of the Copyright Act, or, in the alternative, Luma is the owner of any derivative works authored while employed with Luma.

**B. Elements Of Plaintiff's Claim For Work For Hire:**

1. The work at issue was prepared by an employee;
2. The work performed is of the kind the employee is employed to perform;
3. The work occurs substantially within the authorized time and space limits;
4. The work is made, at least in part, for the purpose of serving the employer.

9th Cir. Model Jury Instructions 17.9; 17 U.S.C. §101; *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989).

**C. Key Evidence In Opposition To The Claim For Declaratory Relief:**

a. Stock Repurchase Agreement between Luma and Betuel;
b. Luma's By Laws;
c. 2006 Organizational documents for Luma;
d. Luma's Employee Handbook;
e. Testimony of Defendant;
f. Testimony of Luma's President, Payam Shohadai;
g. Deposition transcript from the deposition of Payam Shohadai;
h. Emails between Luma and Defendant;
i. Defendant's Tax Returns; and
j. Receipt for purchase of lap top computer.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1920.201

**D. Defendant's Affirmative Defenses:**

1. Plaintiff's fails to state a claim for declaratory relief in that Plaintiff is seeking to address a wrong that happened in the past, whereas declaratory relief seeks to address confusion amongst parties who will commence business with each other in the future.

2. Plaintiff's claim is barred by the doctrine of laches in that Plaintiff did not seek to remedy its rights, if any are afforded, in a reasonable amount of time, and Defendant is now prejudiced because of the delay.

3. Plaintiff's claim is barred by the doctrine of estoppel in that Plaintiff's unreasonable delay in enforcing its rights misled Defendant to believe Plaintiff wouldn't enforce its rights, if any are afforded, and Defendant is now prejudiced because of the delay.

4. Plaintiff's claim is barred by its waiver of its rights in that Plaintiff did not seek to remedy its rights, if any are afforded, in a reasonable amount of time, and Defendant is now prejudiced because of the delay.

5. Plaintiff's claim is barred by the doctrine of unclean hands in that Plaintiff has violated conscience, good faith or other equitable principles in its prior conduct, as well as dirtied its hands in acquiring the work for hire right.

6. Plaintiff's claim is barred because it abandoned the copyrights by virtue of its failure to exercise any rights or police its interests in the copyrights.

7. Plaintiff's claim is barred by the statute of limitations because it has been over 3 years since Luma learned about Defendant's exercise of ownership over the copyrights.

8. Plaintiff's claim is barred because Luma is not the owner of the copyrights.

9. Plaintiff's claim is barred because any employment contract with Defendant did not provide for consideration for Defendant's services as a writer of screenplays.

10. Plaintiff's claim is barred because the employment contract Luma had with Defendant was obtained by Luma's fraud.
11. Plaintiff's claim is barred because it failed to pay Defendant under the terms of an employment agreement.
12. Plaintiff's claim is barred because it breached the contract it had with Defendant for any alleged employment.

### E. Elements Of Affirmative Defenses:

#### 1. Elements of Failure to State a Claim Affirmative Defense

a. The cause of action does not relate to the future legal rights and duties of Plaintiff's and Defendant's; and

b. The parties do not have a continuing relationship that will be moving forward.

*Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 407 (1978).

#### 2. Elements of Laches Affirmative Defense

a. The plaintiff unreasonably delayed in filing suit; and

b. The defendant will suffer prejudice from the delay.

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

#### 3. Elements of Estoppel Affirmative Defense

a. The plaintiff unreasonably delayed in enforcing its rights; and

b. The defendant was misled by the delay;

c. The defendant will suffer prejudice from the delay.

*Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir. 1979).

#### 4. Elements of Waiver Affirmative Defense

a. The plaintiff did not seek to remedy its rights in a reasonable amount of time; and

b. The defendant will suffer prejudice from the delay.

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

#### 5. Elements of Unclean Hands Affirmative Defense

a. The plaintiff unreasonably delayed in enforcing its rights;

b. has violated conscience, good faith or other equitable principles in his prior conduct or plaintiff dirtied his hands in acquiring the right presently asserted."

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

### 6. Elements of Abandonment Affirmative Defense

a. The plaintiff made an overt act; and

b. Evidencing intent to surrender right in work.

*Hampton v. Paramount Pictures Corp.*, 279 F.2d 100 (9th Cir.1960).

### 7. Elements of Statute of Limitations Affirmative Defense

a. The action involves a copyright; and

b. The action was commenced over three years after Plaintiff knew or should have known of Defendant's claim of ownership.

*Luksch v. Latham*, 675 F.Supp. 1198, 1203 (N.D. Cal. 1987).

### 8. Elements of Non-Ownership Affirmative Defense

a. The work at issue was not prepared by an employee;

b. The work performed is not of the kind the employee is employed to perform;

c. The work occurs during varying times and in spaces outside of Plaintiff; and

d. The work was not made for the purpose of serving the employer.

9th Cir. Model Jury Instructions 17.9; 17 U.S.C. §101; *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989)

### 9. Elements of Lack of Consideration Affirmative Defense

a. There is no bargained for exchange of promises; and

b. Pertaining to the work to be performed.

Cal. Civ. Code §1550; *Henke v. Eureka Endowment Ass'n*, 100 Cal. 429, 433 (1893).

### 10. Elements of Fraud Affirmative Defense

a. The defendant was induced to enter into the contract;

b. By plaintiff's misrepresentation or concealment;

c. Of a material fact;

d. That would have changed the decision of the defendant had the fact been known;

e. The plaintiff intended defendant to rely on such a fact; and

f. The defendant so relied.

*Stewart v. Preston Pipeline Inc.*, 134 Cal.App.4th 1565, 1588 (2005).

### 11. Elements of Failure to Pay Affirmative Defense

a. The plaintiff did not pay defendant per the contract;

b. The defendant performed under the contract; and

c. The defendant did not prevent plaintiff from performing per the contract.

### 12. Elements of Plaintiff's Breach Affirmative Defense

a. The plaintiff did not perform per the contract;

b. The defendant performed under the contract; and

c. The defendant did not prevent plaintiff from performing per the contract.

F. **Key Evidence For Affirmative Defenses:**

#### 1. Failure to State a Claim Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. Luma's By Laws;

c. Special Meeting of Shareholders and Directors August 2015;

d. Luma's Employee Handbook;

e. Testimony of Defendant; and

f. Testimony of Luma's President, Payam Shohadai.

#### 2. Laches Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai;

g. Emails between Luma and Defendant.

### 3. Estoppel Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai; and

g. Emails between Luma and Defendant.

### 4. Waiver Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai; and

g. Emails between Luma and Defendant.

### 5. Unclean Hands Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai;

g. Minutes from Special Meeting of Board of Directors August 2015;

h. Luma's By Laws; and

i. Emails between Luma and Defendant.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546
1920.201

**6. Abandonment Affirmative Defense**

a. Luma's Employee Handbook;

b. Testimony of Defendant;

c. Testimony of Luma's President, Payam Shohadai;

d. Deposition transcript from the deposition of Payam Shohadai; and

e. Emails between Luma and Defendant.

**7. Statute of Limitations Affirmative Defense**

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai; and

g. Emails between Luma and Defendant.

**8. Non-Ownership Affirmative Defense**

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai;

g. Luma's By Laws;

h. Plaintiff's Tax Returns;

i. Defendant's Tax Returns;

j. Receipt for purchase of lap top computer; and

k. Emails between Luma and Defendant.

**9. Lack of Consideration Affirmative Defense**

a. Stock Repurchase Agreement between Luma and Betuel;

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1920.201

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai; and

g. Luma's By Laws.

### 10. Failure to Pay Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai;

g. Luma's By Laws;

h. Plaintiff's Tax Returns; and

i. Defendant's Tax Returns.

### 11. Breach of Contract Affirmative Defense

a. Stock Repurchase Agreement between Luma and Betuel;

b. 2006 Organizational documents for Luma;

c. Luma's Employee Handbook;

d. Testimony of Defendant;

e. Testimony of Luma's President, Payam Shohadai;

f. Deposition transcript from the deposition of Payam Shohadai;

g. Luma's By Laws;

h. Plaintiff's Tax Returns; and

i. Defendant's Tax Returns.

**G. Third Party Issues: None**

**H. Anticipated Evidentiary Issues: Plaintiff's failure to disclose.**

Plaintiff's Initial Disclosures, served September 15, 2016, only lists 5 categories of documents. Those categories are: documents pertaining to Luma's production of original content and expansion, documents reflecting the time and expense Luma put into Betuel, including writing and promoting the scripts, documents pertaining to the stock repurchase agreement, documents pertaining to Luma's corporate governance, and documents pertaining to Luma's investment in Luma Launch, Luma Labs, and Apple Stock. Yet, Luma's exhibit list for trial lists documents that go way beyond those categories and do not even fit into those categories; this has a prejudicial effect on Defendant. *Pinterest, Inc. v. Pintrips, Inc.*, 2015 U.S. Dist. LEXIS 76545, *11 (N.D. Cal. 2015 ("[Untimely disclosure on the eve of trial constitutes unfair surprise which cannot reasonably be cured absent the disruption of trial proceedings"). Moreover, Plaintiff's witness list lists a witness that was never disclosed on its disclosures or anywhere else by Plaintiff during this litigation. It is this witness that Plaintiff seeks to use to authenticate all of its documents.

In short, Plaintiff' abuse of the discovery process, including, and certainly not limited to, their inadequate disclosures have prejudiced Defendant's entire case. An evidentiary sanction to exclude the following of Plaintiff's exhibits, is therefore proper and necessary.

    **1.    Undisclosed Exhibits Must Be Excluded**

Rule 37 of the Federal Rules of Civil Procedure prohibits a party who fails to make a required disclosure from using any of the evidence on a motion, at a hearing, or at trial, and may be subject to numerous sanctions, including, but not limited to, evidence preclusion, terminating sanctions, and/or monetary sanctions. *See also Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *R&R Sails, Inc. v. Insurance Co. of Penn*, 673 F.3d 1240, 1246 (9th Cir. 2012). A party must supplement its disclosures or discovery responses "in a timely manner."

Fed. Rules of Civ. Pro. 26(e)(1)(A); *Disney Enterprises, Inc. v. Kappos*, 923 F. Supp. 2d 788, 795 (ED VA 2013) (duty to supplement not license to circumvent normal discovery timetable).

The Federal Rules of Civil Procedure make sanctions against the offending party **mandatory** absent the offending party's affirmative showing that the nondisclosure was "harmless" or excused by "substantial justification." *See* Fed R. Civ. Proc. 37; *Yeti by Molly, Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (citations omitted). Federal law enables the prejudiced party to seek the appropriate sanctions via a motion *in limine*. *Torres v. City of L.A.*, 548 F.3d 1197, 1212, 1213-14 (9th Cir. 2008); *Yeti*, 259 F.3d at 1105.

Evidence preclusion sanctions may be awarded regardless of whether the offending party's nondisclosure was willful or marked by bad faith. *Hoffman*, 541 F.3d at 1180. In fact, where the requested sanction is less than an outright dismissal of a cause of action or of a party, a Court need not make a finding of bad faith or even willfulness. *Yeti*, 259 F.3d at 1106. However, where the evidence shows that the offending party's nondisclosure was willful or marked by bad faith, the Court may issue severe sanctions, including terminating sanctions that would result in dismissal of the party's claims or a default against the responding party. *R&R Sails, Inc.*, 673 F.3d at 1247. The Rule is meant to provide "a **strong inducement for disclosure** of material." *Yeti*, 259 F.3d at 1106 (citations omitted) (emphasis added). The rule seeks to avoid unfair and prejudicial surprise, not to facilitate last minute production of evidence. *ATD Corp. v. Lydall*, 159 F. 3d 534, 550-551 (Fed. Cir. 1998).

Federal courts have held that nondisclosure is <u>not</u> "harmless" if it impacts Defendant's decisions during the course of litigation and reopening discovery would prove too costly for Defendant and disruptive to the Court's schedule. *Ollier v. Sweetwater Union High School Dist.* 267 F.R.D. 339, 343 (S.D. Cal. 2010). The burden is on the party facing sanctions to prove harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F3d 1101, 1106–1107 (9th Cir. 2001). The party requesting sanctions is not required to articulate how it would be prejudiced if it were

not provided an expert witness report. *Torres v. City of Los Angeles*, 548 F3d 1197, 1213 (9th Cir. 2009).

### a. Plaintiff did not list Emails in its disclosures.

Here, Plaintiff has produced over **25,000 pages** of documents in this litigation on one cause of action. Plaintiff lists **336 exhibits** for trial on this one cause of action. Plaintiff only lists **19 exhibit**s that are not emails (6%). But Plaintiff only lists **5 categories** of documents on its initial disclosures. And the word "email" is not to be found in any of the categories listed in Plaintiff's disclosures. Obviously, this was an intentional game played by Plaintiff on Defendant: for one cause of action for declaratory relief, serve over 25,000 pages of documents and hide the major category of documents to be used at trial (94% of Plaintiff's exhibits) from initial disclosures. Such a "game" has clearly prejudiced the Defendant. This is clearly what the sanction authority of Rule 37 is meant to discourage. All the emails Plaintiff seeks to bring in to the record at trial should be precluded as evidence.

### b. Plaintiff's discovery responses do not cure the non-disclosure.

Plaintiff will argue that any prejudice caused by its non-disclosure and failure to supplement is cured by its responses to Defendant's contention interrogatories. However, Plaintiff must be reminded that its responses to the Defendant's interrogatories was riddled with objections and half answers. Moreover, Plaintiff's responses to Defendant's discovery requests contradict and have a more defined list of projects and third parties at issue.

According to the discovery responses, Luma did not have anything by way of original content production until well after 2012 since, per its sworn responses; it "planned to expand" into original content creation and its first foray was Payam Shoahdai's (Luma's President) and Vince Cervelii's (Luma's Vice-President) drama, "Indefinitely" (See Dec. of Sherman). Additionally, it has only been since 2015 that Luma has broadened its capabilities for original content creation. Defendant was terminated from Luma in August 2015. If at all, only documents between January

2015 and August 2015 should be admitted as evidence by this Court since that is when Luma, allegedly, would have been able to "handle" the types of projects Betuel authors.

Yet, Plaintiff's discovery responses is all the more reason why all the evidence not disclosed should be precluded from entering the record as evidence. While, Defendant propounded written discovery and took Plaintiff's deposition for one day, Plaintiff did not disclose the witness and exhibits at issue.

Consequently, their witness and exhibit lists contain witnesses and exhibits that were not disclosed prior to the discovery cut-off, but were never disclosed. Belated disclosure of witnesses has a significant prejudicial impact on a party's litigation decisions and subjects the offending party to sanctions. *See Yeti*, 259 F.3d at 1105-1107. In *Yeti*, Defendant filed a motion *in limine* pursuant to Rule 37 of the Federal Rules of Civil Procedure on the grounds that defendant's late disclosure of its expert witness' report failed to abide by discovery deadlines. *Id.* at 1105. The Ninth Circuit agreed with the district court's decision to grant Defendant's motion, with an emphasis on the prejudicial effect of this late disclosure. *Id.* at 1107. In order to adequately respond to the expert witness' report, Plaintiff "would have had to depose [the expert] and prepare to question him at trial." *Id.* (citations omitted). In such circumstances, the evidentiary preclusion sanction was appropriate, and the expert's testimony was appropriately excluded. *Id.*

Here, it is clear that Plaintiff served their initial disclosure far too late disclosures late, prejudicing Defendant's entire case. The prejudicial effect of these belated disclosures is further underscored by Plaintiff' identification of new witnesses in their Witness List that were not disclosed in Plaintiff' initial disclosures. Plaintiff has identified Rhea Espino and a declaration from someone named "Barnes" listed as witnesses. Yet, neither of those persons were named in Plaintiff's initial disclosures.

The prejudicial impact on these late disclosures is unmistakable. Even failure to disclose witnesses who are merely going to authenticate documents must be striken and are not harmless. *Mahoney v. Wash. Mut., Inc. (In re Mahoney)*, 368

BETUEL'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

B.R. 579, 590 (Bankr. W.D. Tex. 2007). Those portions of the affidavits providing explanation of the contents of the exhibits or the regular business practices of the Defendant are stricken for failure to comply with the mandatory disclosure rules. *Id*. "Any other **ruling** would allow the defendant to profit from its failure to affirmatively comply with the **rule**-mandated duty to disclose." *Id*. As a result of Plaintiff' untimely disclosures, Defendant has been unable to adequately prepare for trial. Waiting until the eve of trial, well after the discovery cut off date, to provide disclosures is simply unacceptable. Accordingly, this Court should grant this Motion in *Limine* and prohibit Plaintiff from calling on any of the new witnesses that have not already been named by Defendant in Defendant's witness or introducing any of the exhibits not previously used in motions.

### 2. Relief Sought

In conclusion, Defendant respectfully asks this Court to **exclude all of Plaintiff's Exhibits, except 11-13, 22-23, 25, and 35-36**. Or, in the alternative, this Court should, at least, exclude 1-9, Exhibits 14, 15, 18, 19, 20, 21, 24-31, 43, 46-60, 333, and 335-336. Further, Defendant also respectfully asks this Court to exclude any testimony or documentary evidence from Rhea Espino and "Barnes."

## I. Issues Of Law: Whether Defendant should be considered an employee

Plaintiff is operating under the premise that Defendant was an employee of Luma. The reality is that Defendant does not fit into the classic definition of an employee, as he is a co-owner and founder of a corporation with more than one shareholder. Plaintiff does list the Reid factors used to determine an employee if there is no agreement evidencing the employment agreement. However, the Plaintiff lists only 10 out of the 11 factors outlined in Reid. Additionally, here in California, an employer is also required to pay unemployment insurance, worker's compensation insurance, disability insurance monies, and pay waiting time penalties if they fail to pay their employees timely. Cal. Lab. Code §3351.5, §3600, et seq.; Cal. Unemp. Ins. Code §926, §931, §203, and §256. Plaintiff also has an employee handbook which describes in detail the various obligations and rights of their

employees. In addition, Luma's By Laws and the Stock Repurchase Agreement, to which Luma and Shohadai are parties, also plays a role in the determination of whether Defendant is an employee. When all those different pieces are put together, it is undeniably clear that Defendant is not an employee and Plaintiff's threshold issue can't be met.

## II. **BIFURCATION OF ISSUES**

As discussed above, Plaintiff has a substantial hurdle to overcome: the threshold issue of whether or not Defendant was an employee. Defendant takes the position that the trial should bifurcated twice. First, the issue of Defendant's status as an employee or something else should be decided on its own since it is a threshold issue that can limit, significantly, the time and resources expended by both parties and this Court, if it is found that Defendant is not an employee.

Next, assuming arguendo that Defendant is determined to have been an employee, as defined by 17 USC §101, then the trial should be bifurcated again between the determination if the works were made with services Defendant was employed to perform, in the time and space of his employment, and for the benefit of Plaintiff; and which parts of the various works would then be considered to be owned by Plaintiff.

As Plaintiff will admit, most of the works at issue, were initially created prior to Defendant's involvement with Luma. As such, any expression authored by Defendant while, assuming arguendo, employed by Luma, is then considered to be a directive work. 17 U.S.C. § 103(b). And only that expression which was created during Defendant's alleged employment would be owned by Luma; the underlying expression would still be owned by Defendant as an individual. *Stewart v. Abend*, 495 U.S. 207, 223 (1990) (aspects of a derivative work added by the derivative author are that author's property and elements drawn from a pre-existing work remain the property of the owner of the pre- existing work).

Thus, rather than immerse the court's time in the minutia of which lines of dialogue are owned by Luma (assuming the trial gets that far) and which lines remain the ownership of Defendant, Defendant would request a bifurcation to determine what works were authored as works for hire and owned by Luma, if any, and then determine which lines of dialogue are owned by Luma, if any. Otherwise, the parties could be taking the Court's valuable time dissecting pages of dialogue when it is not necessary.

### III. TRIER OF FACT

As this is an action for only declaratory relief, a bench trial is warranted.

### IV. ATTORNEY'S FEES

The prevailing party in a copyright action is entitled to make a motion for attorney's fees and costs under 17 USC §505. This action is a declaratory action based on a copyright claim. As such, it is of the kind which would allow for an attorney's fees motion by the prevailing party. 28 USC §2201.

### V. ABANDONMENT OF ISSUES

Defendant has abandoned two of its affirmative defenses.

Respectfully Submitted,
ADLI LAW GROUP, P.C.

Dated: March 28, 2017      By: */s/ Drew H. Sherman*
Dariush G. Adli, Esq.
Drew H. Sherman, Esq.
A. Tyler Mellos, Esq.
*Attorneys for Defendant*
JONATHAN BETUEL

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document:

**DEFENDANT JONATHAN BETUEL'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on March 28, 2017.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 28, 2017 in Los Angeles, California.

Dated: March 28, 2017                    */s/ Drew H. Sherman*
                                         Drew H. Sherman, Esq.